IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DELANT CORY PALMERTON,                          Civil No. 05-3109-CO

      Plaintiff,                    FINDINGS AND RECOMMENDATION

  v.

DACE COCHRAN,

      Defendant.


COONEY, Magistrate Judge:

     In this action, plaintiff, who is proceeding pro se, seeks monetary damages against defendant, an alleged Sheriff's deputy.  This Court may have jurisdiction pursuant to 28 U.S.C. § 1331.  Before the Court is "Defendant's Motions Against Complaint" (#11).  The time for a response has passed and plaintiff has not responded to defendant's motion[1]; plaintiff's submissions to the Court after defendant filed his motion do not address the grounds to dismiss raised by defendant.

---

[1] The certificate of service (#13) indicates that plaintiff was served with defendant's motion at his address of record.

## **LEGAL STANDARDS**

Federal Rules of Civil Procedure Rule 8(a) requires that a complaint set forth a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim, and a demand for judgment for the relief plaintiff seeks. It does not require extensive or technically precise pleadings, but does require the presentation of factual allegations with sufficient clarity and certainty to enable defendant to determine the basis of plaintiff's claim and to formulate a responsive pleading. Edwards v. N. Am. Rockwell Corp., 291 F. Supp. 199, 211 (C.D. Cal. 1968). The purpose of the rule is to give defendant fair notice of what plaintiff's claim is and the grounds upon which it rests. Velasquez v. Senko, 643 F. Supp. 1172 (N.D. Cal. 1986), appeal dismissed, 813 F.2d 1509 (9th Cir. 1987). If allegations are vague, indefinite, and  conclusory,  defendant cannot determine the basis of the claim, and has not received fair notice of the grounds upon which the claim rests. Id.

Federal Rules of Civil Procedure 12(h)(3) provides:  "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."  Here, defendant has raised the issue by a motion to dismiss.  However denominated, if the submission raises the issue of lack of subject matter

jurisdiction, the court should treat it as a suggestion that the court lacks jurisdiction. Mertens v. Flying Tiger Line, Inc., 35 F.R.D. 196 (S.D.N.Y. 1963), aff'd, 341 F.2d 851 (2d Cir. 1965), abrogated on another ground by Chan v. Korean Air Lines, Ltd., 490 U.S. 122 (1989); see 5B Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1350 (2004). Lack of subject matter jurisdiction may also be raised at any time by the court on its own motion. Rockwell Int'l Credit Corp. v. U. S. Aircraft Ins. Group, 823 F.2d 302, 303 (9th Cir. 1987), overruled on another ground by Partington v. Gedan, 923 F.2d 686 (9th Cir. 1991); Tanzymore v. Bethlehem Steel Corp., 457 F.2d 1320, 1323 (3d Cir. 1972).

A motion to dismiss for lack of subject matter jurisdiction challenges the power and authority of the court to hear plaintiff's claims. Stewart v. United States, 199 F.2d 517, 519 (7th Cir. 1952). The party asserting jurisdiction has the burden of proof. Thomson v. Gaskill, 315 U.S. 442, 446 (1942); see Thornhill Publ'g Co. v. General Tel. and Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979). The court will presume it lacks jurisdiction unless plaintiff demonstrates otherwise. Stock West, Inc. v. Confederated Tribes, 873 F.2d 1221, 1225 (9th Cir. 1989).

When joined by other defenses, a motion to dismiss based on lack of subject matter jurisdiction should be addressed by the court before any other

Rule 12 motion to prevent a court without jurisdiction from prematurely dismissing a case with prejudice. <u>See</u> <u>Ramming v. United States</u>, 281 F.3d 158, 161 (5th Cir. 2001).

Under Federal Rules of Civil Procedure 12(e), a motion for a more definite statement should be granted only if the complaint "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." <u>Famolare, Inc. v. Edison Bros. Stores, Inc.</u>, 525 F. Supp. 940, 949 (E.D. Cal. 1981). In ruling on a Rule 12(e) motion, the court should take into account the liberal pleading guidelines of Rule 8, <u>see</u> discussion, <u>supra</u>. A Rule 12(e) motion is not to be used as a means of discovery. <u>Fed. Sav. and Loan Ins. Corp. v. Musacchio</u>, 695 F. Supp. 1053 (N.D. Cal. 1988).

## **DISCUSSION**

Defendant moves to dismiss plaintiff's complaint on the grounds that plaintiff's complaint is unintelligible and should be dismissed pursuant to Federal Rules of Civil Procedure 8; and this Court lacks subject matter jurisdiction. Alternatively, defendant moves to make more definite and certain pursuant to Federal Rules of Civil Procedure 12(e).

The Court will first address defendant's contention that it lacks subject matter jurisdiction. <u>Ramming</u>, 281 F.3d at 161. Defendant contends that the bases of subject matter jurisdiction alleged by plaintiff do not pertain to his

allegations.

In the section of his complaint entitled, "Jurisdiction," (Compl. at 1), plaintiff alleges in pertinent part:

> The district court for the District of Oregon has acquired exclusive original cognizance of this counterclaim for the United States because this is a federal question - a Constitutional matter involving a man on the land complaining about theft and kidnap - Title 18 U.S.C. §§ 661 and 1201 respectively and irregular extradition from the asylum state into the United States custody, treason - Constitution, Article III §3 and Title 18 U.S.C. §2381 by an agent of a foreign principal, creating diversity of citizenship - Title 28 U.S.C. §§1331 and 1333 respectively.

(Compl. at 2.)

For the reasons stated by defendant, certain statutes cited by plaintiff as jurisdictional bases, 28 U.S.C. § 1603, 18 U.S.C. §§ 661 and 1201, and 28 U.S.C. § 1333, do not confer subject matter jurisdiction over this matter. In addition, Constitution, Article III § 3, cited by plaintiff, relates to treason against the United States, and 18 U.S.C. § 2381, cited by plaintiff, provides for criminal prohibition against treason, which is not applicable here. Plaintiff also cites 22 U.S.C. § 661; first, there is no section 661 provision in Title 22 and, second, Title 22 relates to "Foreign Relations and Intercourse," which is not applicable here. In the section of plaintiff's complaint entitled, "<u>Jurisdiction and Venue</u>," (Compl. at 4), plaintiff again refers to diversity of citizenship as a basis of jurisdiction. Of his remaining references, the only

pertinent discernable reference–to Article III § 2, Clause 1–relates to the extent of judicial power and alone does not provide a basis for jurisdiction in this Court.[2]  Accordingly, there is no basis for jurisdiction by this Court under any of the above statutes or Constitutional provisions referenced by plaintiff in his complaint.

Two bases of jurisdiction cited by plaintiff warrant discussion, however. Plaintiff pleads that this Court has diversity jurisdiction and he also refers to 28 U.S.C. § 1331 as a basis of jurisdiction.

The diversity statute, 28 U.S.C. § 1332, provides in relevant part as pertinent to plaintiff's complaint allegations:  "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between-- (1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state; . . . ."  28 U.S.C. § 1332(a).

While plaintiff alleges that defendant is a citizen of Oregon, he alleges that he is "a Non-citizen, a Non-resident, and non-alien having in itinere status. being Nationally domiciled [sic], for this action receiving mail c/o 13901 N. Applegate Road, Grants Pass, Oregon near Postal Zone 97527."

---

[2]  The Court notes that plaintiff cites Article III, § 2, Clause 1, in the context of diversity jurisdiction.

(Compl. at 3.)  He further alleges that he "is not a citizen, a resident, nor an alien of the UNITED STATES, a federal corporation nor of the State of Oregon /Oregon, a federal corporation [sic]," and that, "These two entities are foreign to [plaintiff] Delant Cory Palmerton."  (Compl. at 11.)  Based on plaintiff's allegations, he is neither a citizen of any state different than Oregon, nor a citizen of a foreign state.  The Court finds that it lacks subject matter jurisdiction based on diversity  jurisdiction, 28 U.S.C. § 1332.

Plaintiff also pleads jurisdiction pursuant to 28 U.S.C. § 1331, which relates to federal question jurisdiction.  28 U.S.C. § 1331 provides:  "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  "To bring a case within the [federal question] statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action. . . . and the controversy must be disclosed upon the face of the complaint . . . ."  Gully v. First Nat'l Bank in Meridian, 299 U.S. 109, 112 (1936).  Whether an action "arises under" federal law is governed by the well-pleaded complaint rule, that is, plaintiff's complaint must establish the existence of a federal question.  Holmes Group, Inc. v. Vornado Air Circulation Sys., 535 U.S. 826, 830 (2002); Opera Plaza Residential Parcel Homeowners Ass'n v. Hoang, 376 F.3d 831, 833 (9th Cir.

2004).  Citing decisions of the Supreme Court and other courts, the Fourth

Circuit in <u>Burgess v. Charlottesville Sav. & Loan Ass'n</u>, 477 F.2d 40, 44 (4th

Cir. 1973), summarized the law relating to a finding of federal question

jurisdiction as follows:

> To satisfy the statutory jurisdictional requirement, a federal right must be a "real and substantial" issue in the case and "must be an element of the plaintiff's cause of action" (Italics in opinion). It is often true that, "[A] mere incidental or collateral federal question may appear, or may lurk in the background of the record, but this is not a sufficient or adequate basis upon which federal jurisdiction may attach."  Simply stated, an action arises under federal law only if it "really and substantially involves a dispute or controversy respecting the validity, construction or effect of such a law, upon the determination of which the result depends.  In ascertaining whether there is a real federal issue upon "which the result depends", the Courts have observed "the distinction between controversies that are basic and those that are collateral, between disputes that are necessary and those that are merely possible" and federal question jurisdiction attaches only "to cases where the plaintiff's cause of action, the rule of substance under which he claims the right to have a remedy, is the product of federal law."  (Italics added.)

(Footnotes and citations omitted; citing in part <u>Gully</u>, 299 U.S. at 112, 118;

<u>Shulthis v. McDougal</u>, 225 U.S. 561, 569 (1912)).

In the Court's Findings and Recommendation issued on June 19, 2006

(#8), this Court found that it had federal question jurisdiction pursuant to 28

U.S.C. § 1331, noting that plaintiff alleged jurisdiction on the bases of

"federal question (constitutional matter) and diversity." (#8 June 19, 2006,

Findings and Recommendation at 1 & n.1.)  The Court stated in its Findings and Recommendation that it appeared that plaintiff alleged a constitutional claim for an unreasonable seizure when he was stopped by defendant and ordered to get out of his car.  However, defendant in his motion to dismiss contends that plaintiff alleges no facts which invoke a federal question. Defendant contends that, at most, plaintiff alleges a common law battery which is actionable in state court.

Plaintiff refers to "Cause of Action" two times in his complaint–one at page 3 and one at page 12.  The Court is unable to discern a cause of action pleaded at page 3 of plaintiff's complaint.  The cause of action alleged at page 12 appears pertinent to whether the court has federal question jurisdiction.  In that claim, plaintiff alleges that, on November 10, 2005, while traveling on public right-of-ways in his car, he was stopped without a reason given; he was intimidated by a display of force and ordered to get out of his car; "The Defendants refused to read Notice and Warning NOTICE handed to him had clearly planned this overt act of assault and battery as they were reading from a script [sic]," (Compl. at 12); the overt act of assault started when he was ordered and forced from his car for no reason and "culminated with the manhandling of the Plaintiff, battery, by the Defendants," (Compl. at 12); and the overt act of assault and battery occurred at the hands of

defendants, causing him "a commercial injury."  (Compl. at 12.)

In reviewing complaint allegations to determine whether subject matter jurisdiction exists, the court assumes the complaint allegations to be true and draws all reasonable inferences in plaintiff's favor.  Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004) (and authorities cited).  Further, allegations in a pro se plaintiff's complaint are held to less stringent standards than pleadings drafted by a lawyer.  Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam).

Upon reconsideration of the issue based upon further review of plaintiff's complaint allegations and applicable law, the Court finds that no federal question is pleaded by plaintiff.  In his complaint, plaintiff refers to 28 U.S.C. § 1331 and to "a federal question" as sources of jurisdiction.  However, when read in context, plaintiff's allegation of "a federal question - a Constitutional matter," (Compl. at 2), relates to theft and kidnap, 18 U.S.C. §§ 661 and 1201, which statutes the Court has determined do not provide federal jurisdiction.  When plaintiff refers to 28 U.S.C. § 1331, it is in the context of diversity of citizenship.  The Ninth Circuit has stated:  "'Mere references to the federal Constitution, laws or treaties and mere assertions that a federal question is involved are not sufficient to confer jurisdiction.'" Dinneen v. Williams, 219 F.2d 428, 430 n.8 (9th Cir. 1955) (quoting McCartney

v. W. Virginia, 156 F.2d 739, 741 (4th Cir. 1946)).  The substance of plaintiff's claim is asserted at page 12, wherein plaintiff alleges only claims for assault and for battery, which are state claims.  While the lack of a reference to federal law is not controlling, the complaint allegations must show that federal law is a pivotal issue in the case—"one that is basic in the determination of the conflict between the parties."  N. Am. Phillips Corp. v. Emery Air Freight Corp., 579 F.2d 229, 233 (2d Cir. 1978).  Although plaintiff refers to "a Constitutional matter," (Compl. at 2), he makes no allegation anywhere in his complaint that any constitutional right pertinent to his claim was violated.  However, "Section 1331 does not automatically confer jurisdiction upon anyone who pleads . . . that his Constitutional rights have been violated." McIntosh v. Garofalo, 367 F. Supp. 501, 506 (W.D. Pa. 1973) (citing Bell v. Hood, 327 U.S. 678 (1946); Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667 (1950)); see Dinneen, 219 F.2d at 429 & n.1 (bald allegation of "false imprisonment" in violation of Fourteenth Amendment implemented by Third Civil Rights Act, 42 U.S.C. § 1983, did not raise federal question so as to supply subject matter jurisdiction).  Again, the complaint must affirmatively reveal that federal law is pivotal to the controversy between the parties.

        While it is possible that plaintiff could assert a civil rights claim under

42 U.S.C. § 1983[3] on the facts alleged in his complaint, plaintiff here has not done so.  See California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838-39, as amended, 387 F.3d 966 (9th Cir. 2004) (plaintiff is "'master of the complaint'").   Plaintiff's complaint reveals that a federal right is not a necessary element of his cause of action as he has alleged it, and there is no federal issue alleged by him "upon 'which the result depends,'" Burgess, 477 F.2d at 44.  A civil rights claim pursuant to 42 U.S.C. § 1983 may "lurk in the background" on the facts alleged, but federal law is not the rule of substance in plaintiff's complaint allegations under which he claims the right to have a remedy.  See Burgess, 477 F.2d at 44.  The Court finds that it lacks subject matter jurisdiction based on federal question jurisdiction, 28 U.S.C. § 1331.

Accordingly, defendant's motion to dismiss on the ground that this Court lacks subject matter jurisdiction should be granted and this case should be dismissed without prejudice.  Because of the Court's determination, it is not necessary to address defendant's remaining grounds for dismissal.

**RECOMMENDATION**

Based on the foregoing, it is recommended that defendant's motions against complaint (#11) be granted and this case be dismissed, and that

---

[3] 42 U.S.C. § 1983 provides a remedy for deprivation of constitutional rights by state actors.  Martinez v. City of Los Angeles, 141 F.3d 1373, 1382 (9th Cir. 1998); Cerrato v. San Francisco Cmty. Coll. Dist., 26 F.3d 968, 971-72 & n.5 (9th Cir. 1994).

judgment be entered dismissing this case without prejudice.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. **Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order.** The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have ten days within which to file a response to the objections. **Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.**

DATED this ___31____ day of July, 2006.


_____/s/_____
UNITED STATES MAGISTRATE JUDGE